## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ASHLEY DAWN MARIE
SCHAREDEIN,
       Plaintiff,

v.

CORECIVIC, INC.,
       Defendants.

Case No. CIV-24-952-G

## DEFENDANT CORECIVIC'S ANSWER
## TO PLAINTIFF'S COMPLAINT

COMES NOW Defendant CoreCivic, Inc., by and through their attorney of record, Darrell L. Moore, OBA #6332 submitting its Answer in opposition to the Plaintiff's Complaint.  Defendant has attempted to respond to each allegation outlined in Plaintiff's complaint. However, Plaintiff's complaint contains no numbered paragraphs. Defendant therefore states that any allegation inferred from the Complaint, and not specifically denied herein, is in fact denied and strict proof thereof is demanded.

Defendant CoreCivic responds and states as follows:

**Complaint Page 1 of 6**:

### JURISDICTION, VENUE, AND PARTIES

1.    Defendant CoreCivic, Inc., admits this Court has jurisdiction over this matter under 42 U.S.C. 1983 and 42 U.S.C. 1988.  Defendant CoreCivic, Inc., denies any allegations or suggestion of wrongdoing.

2.    Defendant CoreCivic, Inc., admits Plaintiff Schardein was a detainee in the custody of the U.S. Marshals Service being housed at Cimarron Correctional Facility

during all times relevant to her allegations. Defendant CoreCivic, Inc., denies any allegations or suggestion of wrongdoing.

3.    Defendant CoreCivic, Inc., admits it owns and operates the Cimarron Correctional Facility, located in Cushing, Payne County, Oklahoma. Defendant CoreCivic, Inc., denies any allegations or suggestion of wrongdoing.

4.    Defendant CoreCivic, Inc., admits Damian Jauregui was employed at Cimarron Correctional Facility during 2021, 2022, and until his resignation in March 2023.  Defendant CoreCivic, Inc., denies any allegations or suggestion of wrongdoing on its part.

5.     Defendant CoreCivic, Inc., admits venue is proper.

6.    Plaintiff's allegations contained in her *OVERVIEW* paragraph are denied. Defendant CoreCivic, Inc., denies any and all allegations or suggestion of wrongdoing on its part.  Plaintiff's allegations and hyperbole regarding staffing, culture, retaliation, and violation of constitutional rights are denied.

**Complaint Page 2 of 6**:

## FACTS

7.    Defendant CoreCivic's responses in ¶¶ 1-6 herein to Plaintiff's un-numbered paragraphs are incorporated herein by reference.

8.    On page 2 of the complaint, Plaintiff has presented in unnumbered paragraphs a narrative of her purported actions and of purported actions attributed to Damian Jauregui. Defendant CoreCivic, Inc., lacks knowledge or information sufficient to form a belief about the truth of any allegations by Plaintiff made on page 2 and

therefore those allegations are denied. Defendant CoreCivic, Inc., denies any allegations or suggestion of wrongdoing on its part.

**Complaint Page 3 of 6**:

9.      Defendant CoreCivic's responses in ¶¶ 1-8 herein to Plaintiff's un-numbered paragraphs are incorporated herein by reference.

10.      On page 3 of the complaint, Plaintiff has presented in unnumbered paragraphs a narrative of her purported actions and of purported actions attributed to Damian Jauregui. Defendant CoreCivic, Inc., lacks knowledge or information sufficient to form a belief about the truth of any allegations made on page 3 and therefore those allegations are denied. Defendant CoreCivic, Inc., denies any allegations or suggestion of wrongdoing on its part.

**Complaint Page 4 of 6**:

11.      Defendant CoreCivic's responses in ¶¶ 1-10 herein to Plaintiff's un-numbered paragraphs are incorporated herein by reference.

12.      On page 4 of the complaint, Plaintiff has presented in unnumbered paragraphs a narrative of her purported actions and of purported actions attributed to Damian Jauregui. Defendant CoreCivic, Inc., lacks knowledge or information sufficient to form a belief about the truth of any allegations made on page 4 and therefore those allegations are denied. Defendant CoreCivic, Inc., denies any allegations or suggestion of wrongdoing on its part.

**Complaint Page 5 of 6**:

13.      Defendant CoreCivic's responses in ¶¶ 1-12 herein to Plaintiff's un-numbered paragraphs are incorporated herein by reference.

14.    On page 5 of the complaint, Plaintiff has again presented in unnumbered paragraphs a narrative of her purported actions and of purported actions attributed to Damian Jauregui. Defendant CoreCivic, Inc., lacks knowledge or information sufficient to form a belief about the truth of any allegations made on page 5 of the purported actions of Plaintiff and Jauregui and therefore those allegations are denied. Defendant CoreCivic, Inc., denies any allegations or suggestion of wrongdoing on its part. Defendant CoreCivic, Inc., admits Plaintiff met with Captain Christian in March 2023. Defendant CoreCivic, Inc., denies any allegation of retaliation. Defendant CoreCivic, Inc., denies any allegations or suggestion of wrongdoing on its part.

**Plaintiff's Claim 1:**

14.    Defendant CoreCivic's responses in ¶¶ 1-13 herein to Plaintiff's unnumbered paragraphs are incorporated herein by reference.

15.    Defendant admits the Eighth Amendment "imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates[.]'" *See* Farmer v. Brennan, 511 U.S. 825,832 (1994). Any allegation by Plaintiff that Defendant CoreCivic did not comply with the law is denied. Plaintiff's allegations are conclusory and lack sufficient supporting factual averments; as a result, they fail to state a claim upon which relief can be based. *See* Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). To state a claim in federal court, a complaint must explain what Defendant did to the Plaintiff, when the Defendant did it, how the Defendant's action harmed the Plaintiff, and what specific legal right the Plaintiff believes the Defendant violated. *See* Nasious v. Two

Unknown B.I.C.E Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).  Any allegations in Plaintiff's Claim 1 of wrongdoing on part of Defendant CoreCivic are denied.

**Complaint Page 6 of 6:**

**Plaintiff's Claim 2.**

16.     Defendant CoreCivic's responses in ¶¶ 1-15 herein to Plaintiff's unnumbered paragraphs are incorporated herein by reference.

17.     Any allegation by Plaintiff that Defendant CoreCivic did not comply with the law is denied.  Plaintiff's allegations are conclusory and lack sufficient supporting factual averments; as a result, they fail to state a claim upon which relief can be based. Any allegations in Plaintiff's Claim 2 of wrongdoing on part of Defendant CoreCivic are denied.

**Conclusion.**

18.     Defendant CoreCivic's responses in ¶¶ 1-17 herein to Plaintiff's unnumbered paragraphs are incorporated herein by reference.  Plaintiff's allegations and hyperbole lack factual pleadings sufficient to establish any plausible claims against Defendant CoreCivic. Plaintiff's allegations of wrongdoing are denied. Defendant denies Plaintiff is entitled to any relief of any kind, monetary or otherwise.

WHEREFORE, Defendant respectfully prays the Court enter its order of judgment in favor of Defendant CoreCivic, Inc., and against the Plaintiff.

<u>**AFFIRMATIVE DEFENSES**</u>

As separate affirmative defenses to the averments contained in the Plaintiff's complaint, Defendant states as follows:

1.      As a separate and alternative affirmative defense, Defendant asserts Plaintiff has failed to state a claim or claims upon which relief could be granted against these answering Defendants.  To state a claim in federal court, a complaint must explain what Defendants did to the Plaintiff, when the Defendants did it, how the Defendants' action harmed the Plaintiff, and what specific legal right the Plaintiff believes the Defendants violated.  *See* Nasious v. Two Unknown B.I.C.E Agents, 492 F.3d 1158, 1163 (10th Cir. 2007).  Plaintiff has failed to plausibly plead that Defendants, by virtue of their own conduct and state of mind, violated the Constitution.  *See* Dodds v. Richardson, 614 F.3d 1185, 1198 (10th Cir. 2010).

2.      As a separate and alternative affirmative defense, Defendants assert the alleged actions of Defendants, which are specifically denied, were not the direct, legal, proximate cause of Plaintiff's alleged injuries and damages.

3.      Plaintiff failed to first properly exhaust administrative remedies as to her claims before bringing this action to the District Court.  Pursuant to 42 USC §1997e(a), exhaustion of administrative remedies is mandatory by prisoners and must precede an inmate's resort to the courts.

4.      As a separate and alternative affirmative defense, Defendant asserts that the Plaintiff's alleged injuries, if any, were proximately caused by an independent intervening cause for which Defendant is not liable.

5.      As a separate and alternative affirmative defense, Defendants assert that at all times material to Plaintiff's Complaint, Defendants acted in good faith and in a reasonable manner given the information and circumstances existing at the time.

6.     As a separate and alternative affirmative defense, Defendant asserts that they did not violate the constitutional rights of Plaintiff.

7.     As a separate and alternative affirmative defense, Defendant asserts they did not breach any legal duty owed to Plaintiff.

8.     As a separate and alternative affirmative defense, the Defendant's judgment in connection with the safety and security of Plaintiff was objectively reasonable and did not violate clearly established law.

9.     As a separate and alternative affirmative defense, Defendant CoreCivic's conduct did not evince a reckless disregard for Plaintiff's safety, health, or welfare.

10.     As a separate and alternative affirmative defense, CoreCivic's employees were supervised and controlled in a manner that was constitutional, proper, and sufficient under state and federal law.

11.     As a separate and alternative affirmative defense, no policy or custom of Defendant CoreCivic caused or contributed to a violation of any of Plaintiff's constitutional rights.

12.     As a separate and alternative affirmative defense, Defendant asserts that they were not on actual or constructive notice of a substantial or unreasonable risk of harm to Plaintiff.

13.     As a separate and alternative affirmative defense, Defendant asserts that they did not act with deliberate indifference to Plaintiff's health, safety, or medical needs.

14.     As a separate and alternative affirmative defense, Defendant asserts that Defendant CoreCivic was not on actual or constructive notice, nor should Defendant have

7

reasonably foreseen, an alleged harm to Plaintiff, such that Defendant CoreCivic had a duty to foresee and prevent the alleged harm to Plaintiff.

15.     As a separate and alternative affirmative defense, Defendant states they intend to rely upon other defenses as may become apparent or available during discovery proceedings or which may be raised by separate motion as permitted by the Rules of Civil Procedure.

<u>**CONCLUSION**</u>

WHEREFORE, Defendant prays the Court enter its order of judgment in favor of Defendant CoreCivic and against the Plaintiff; that the Court dismiss the Plaintiff's allegations as set forth above; that the Plaintiff take nothing by way of her Complaint filed herein; and, that the Defendant be awarded their attorney fees and costs for defense of this action and receive any and all other appropriate relief.

Respectfully submitted,
CoreCivic, Inc., Defendant


By:_____
DARRELL L. MOORE, OBA 6332
P.O. Box 368
Pryor, OK 74362
(918) 825-0332
(918) 825-7730 fax
darrellmoore@jralphmoorepc.com
Attorney for Defendant CoreCivic

### *Certificate of Service*

I hereby certify that on October 9, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants: (insert names)

Ronald Jones, II
Ron@thebrilliantbrawler.com

And counsel of record.

I hereby certify that on October 9, 2024, I served the attached document by regular US Mail on the following, whom is not a registered participant of the ECF System:


_____
DARRELL L. MOORE