IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASHLEY DAWN MARIE SCHARDEIN, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. CIV-24-952-SM |
| CORECIVIC INC. et al., | ) ) ) |
| Defendants. | ) ) |

## ORDER

Before the Court is an out-of-time "Joint Motion to Extend Scheduling Order Deadlines." Doc. 15. The parties submit that "[s]ince the entry of the Court's Scheduling Order, the parties have continued to engage in written discovery." *Id.* at 1. They also note that Plaintiff "has been sentenced and is presently incarcerated at the Federal Correctional Institution [in] Waseca, Minnesota." *Id.* While the Court appreciates the parties working together to move this case along, they may not independently extend the scheduling order deadlines by agreement. *See* Fed. R. Civ. P. 16(b)(4). The joint motion before the Court was filed a month **after** the first deadline to file witness lists and expert reports. *See* Doc. 14. The deadline for Plaintiff to file a final exhibit list also passed before the parties filed this motion.

The Court admonishes the parties to heed the Federal Rules and this Court's Local Rules. This Court's Rules require "an explanation why the act

was not done within the originally allotted time." LCvR6.3. The Federal Rules require a showing of "good cause" for an extension of time and "excusable neglect" if such request is made after a deadline has expired—as the parties have done here. *See* Fed. R. Civ. P. 6(b). Moving forward, the Court will not tolerate the parties' blatant disregard for the rules.

Still, seeing no practical reason to deny the joint motion to extend deadlines, the Court **GRANTS** the motion **IN PART**. The Court cautions the parties, however, that any further motions must be filed before a deadline has passed and in accordance with the Federal Rules and this Court's Local Rules.

The Court grants the parties a ninety-day extension of the scheduling order deadlines, rather than the requested 120-day extension. This case involves two Defendants and two claims, and the parties are represented by experienced counsel.

The Court modifies the scheduling order as follows:

| Event | New Deadline |
|---|---|
| Plaintiff to file a final list of expert witness(es) and submit expert reports to Defendant(s) **and** file a final list of witnesses, together with addresses and a brief summary of expected testimony where a witness has not already been deposed | 08/04/2025 |
| Defendant to file a final list of expert witness(es) and submit expert reports to Plaintiff and file a final list of witnesses (as described above) | 08/19/2025 |

| | |
|---|---|
| Plaintiff to file a final exhibit list | 08/19/2025 |
| Defendant to file objections to Plaintiff's final exhibit list, under Fed. R. Civ. P. 26(a)(3)(B) | 09/03/2025 |
| Defendant to file a final exhibit list | 09/03/2025 |
| Plaintiff to file objections to Defendant's final exhibit list, under Fed. R. Civ. P. 26(a)(3)(B) | 09/18/2025 |
| All dispositive and Daubert motions to be filed by: | 09/01/2025 |
| Discovery to be completed | 10/03/2025 |
| Designations of deposition testimony to be used at trial to be filed | 12/01/2025 |
| Objections and counter-designations | 10 days thereafter |
| Objections to counter-designations | 7 days thereafter |
| Highlighted copy of deposition transcript(s) | 7 days thereafter |
| Motions in limine to be filed | 12/01/2025 |
| Responses to motions in limine | 14 days thereafter |
| Requested voir dire to be filed | 12/01/2025 |
| Trial briefs (optional unless otherwise ordered) to be filed | 12/01/2025 |
| Requested jury instructions to be filed | 12/01/2025 |
| Proposed final pretrial report, approved by all counsel, **and in full compliance** with Local Rules (see Appendix IV), together with a proposed order approving the report, to be submitted to the Court | 12/01/2025 |
| Trial docket | January 2026 |

**SO ORDERED** this 10th day of June, 2025.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

3